STATE OF MAINE                                           SUPERIOR COURT
Sagadahoc, ss.                                           AMF-SAG-S 13 3


TOADER SERBAN

         Plaintiff-Appellee

v.                                                Docket No. BATSC-AP-13-005

CHARLES GORDON and
KELSEY RAE BLAKE

         Defendants-Appellants

                        **ORDER TERMINATING STAY
                        OF WRIT OF POSSESSION**

         Pursuant to notice, this appeal of a forcible entry and detainer judgment came

before the court for hearing today on the limited issue of whether the stay of the writ of

possession ordered by the District Court should continue or be terminated.   Plaintiff-

Appellee Toader Serban and his counsel were present, as were the Defendants and

Appellants, Charles Gordon and Kelsey Rae Blake, *pro se.*[1]  The hearing was recorded

electronically.

         Plaintiff-Appellee Serban commenced this action by filing a forcible entry and

detainer complaint July 5, 2013, alleging that Defendants-Appellants Gordon and Blake

were three months behind on rent and that their tenancy had been properly terminated.

The case came before the West Bath District Court for hearing July 17, 2013.  At the

hearing, both sides presented testimony.  Mr. Gordon and Ms. Blake raised issues of

---

[1]  Gina Turcotte, who evidently holds a power of attorney from the Defendants-Appellees, attempted to
speak on behalf of the Defendants-Appellees.   Ms. Turcotte was advised that the power of attorney does
not authorize her to represent anyone other than herself in court. She was also advised on the record that
continued efforts to represent others in court without being licensed to practice in Maine as an attorney
could subject her to criminal prosecution. After the hearing, she was provided with a copy of the Supreme
Judicial Court of Maine decision in *Haynes v. Jackson,* 2000 ME 11, 744 A2d 1050, in which the court
specifically held that the Maine power of attorney statute does not and cannot authorize the holder of a
power of attorney to represent others in court.

1

code violations and retaliatory eviction. At the conclusion of the testimonial hearing, the District Court (J.D. Kennedy, J.) granted judgment of eviction.[2] The Defendants-Appellees filed multiple motions on July 22, 2013, along with a notice of appeal. Their motion to reconsider and their motion for further findings were clearly addressed to the District Court, but it is not clear which court they intended to have deal with their motions to stay and set aside. However, the District Court in an Order on Motions dated July 23, 2013, denied the motions to set aside and for reconsideration, and denied the motion for further findings in a notation on the motion itself. The District Court's Order on Motions granted a stay of the writ of possession pending hearing in the Superior Court. Notwithstanding the confusion associated with the Defendants-Appellants' simultaneous filing of an appeal and motions requesting reconsideration, this court treats the Defendants-Appellants as having filed a motion for stay of the writ sufficient under to give the court the authority to continue the stay of the writ or not. *See* M.R. Civ. P. 80D(j)(4); *see also* 14 M.R.S. § 6008.

The Clerk scheduled the hearing on whether the stay should continue or not for today and issued notice to that effect. Ms. Blake filed a letter before the hearing asking for a postponement on the ground that a witness was needed, and the request was denied. During the hearing, she again asked for a postponement, and that request was also denied.

---

[2] This court notes *sua sponte* that neither of the "judgment is granted" boxes on the July 17, 2013 judgment form is checked. However, the handwritten notation on the form says that "the eviction is granted", plainly indicating the District Court's intent to grant judgment to Plaintiff-Appellee, an intent confirmed by the District Court's July 23, 2013 Order on Motions. The fact that the parties have not raised any issue about the boxes not being checked indicates they have the same understanding of the judgment. Given the title of the document and the clear evidence of the court's intention, this court concludes that the document signed and entered July 17, 2013 is a valid forcible entry and detainer judgment, notwithstanding what is clearly the mistaken failure to put a check mark in the "judgment is granted to the plaintiff" box on the form. Rule 60(a) of the Maine Rules of Civil Procedure permits errors in a judgment "arising from oversight or omission" to be corrected during the pendency of an appeal with leave of the Superior Court. The parties are notified of this court's intention to grant such leave, and any objection thereto shall be filed within 10 days, with the reason for the objection stated.

During the hearing today, this court noted the requirement of 14 M.R.S. § 6008(2): "When the defendant appeals, the defendant shall pay to the plaintiff or, if there is a dispute about the rent, to the District Court, any unpaid portion of the current month's rent or the rent arrearage, whichever is less." In this case, that provision required the Defendants-Appellants, at the time of taking their appeal, to make payment of any unpaid rent for July 2013, either to Plaintiff-Appellee or to the District Court. The Defendants-Appellants acknowledged that they have not met that requirement and in fact have not paid any rent since April 2013. They claim that they are justified in not paying rent due to code violations and to very high electric bills. However, the just-quoted section does not appear to allow for exceptions.

The court asked the Defendants-Appellants if they were proposing to make any rent payments, given that the statute permits the Superior Court to stay the writ on condition that rent be made either to the landlord or into escrow. *See* 14 M.R.S. § 6008(2)(A). They responded by saying that they were not prepared to make any rent payments, citing the same reasons. Under these circumstances, even assuming that the Defendants-Appellants have validly perfected their appeal notwithstanding their failure to pay July rent as required by section 6008(2), the court concludes that the stay of the writ of possession should be terminated.

IT IS HEREBY ORDERED:

(1) The stay of the writ of possession granted in the District Court's order of July 24, 2013 is hereby terminated, effective immediately.

(2) On request, the clerk will issue forthwith to Plaintiff-Appellee Toader Serban a writ of possession for the premises described in the forcible entry and detainer judgment of July 17, 2013.

(3) Because today's hearing addressed only whether the stay of the writ of possession should continue, the court will issue a separate scheduling order governing further proceedings in the appeal.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated 1 August 2013

A. M. Horton
Justice, Superior Court

Date Filed 07/25/13          Sagadahoc County          Docket No. AP-13-05
Action:   Appeal from District Court -FED


Toader Serban                                        Kelsey Rae Blake
                              vs.                    Charles Gordon
Plaintiff's Attorney                                 Defendant's Attorney
Pro-Se                                               Pro-Se
785 High Street                                      12 Winter Street Court
Bath, Maine 04530                                    Bath, Maine 04530

Date of
Entry
Received 07/25/13:
Notice of Appeal on Forcible Entry and Detainer with attested copies of the docket entries and all
filings from West Bath District Court SA-2013-270, filed.